**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENNETH WAYNE WALKER,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-999-LY** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
|     **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 13); and Petitioner's response thereto (Document 16). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 227th Judicial District Court of Travis County, Texas, in cause

number D-1-DC-05-904189, styled <u>The State of Texas v. Kenneth Walker</u>.  Petitioner was indicted

for the felony offense of Theft - Third Offender, enhanced by several prior non-theft felony

convictions.   Petitioner entered a plea of "guilty" to the charge and a plea of "true" to all

enhancement convictions.  On December 21, 2005, the trial court accepted Petitioner's pleas, found

him guilty and sentenced him to ten years in prison.  Petitioner filed an untimely pro se notice of

appeal, which was dismissed for want of jurisdiction on March 15, 2006.  <u>Walker v. State</u>, No. 03-

06-00108-CR (Tex. App. – Austin 2006, no pet.).  Petitioner did not file a petition for discretionary

review.  Petitioner has also filed a state application for habeas corpus relief.  It was denied without

written order on August 9, 2006.  <u>Ex parte Walker</u>, Appl. No. 65,369-01 at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      He is actually innocent because the state case law shows that an unaggravated state
jail felony cannot be enhanced under the habitual offender statute; and

2.      He was denied effective assistance of counsel when his trial attorney failed to
research case law prior to sentencing which would have showed that the charged
offense could not be enhanced under the habitual offender statute.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding

the claims brought in this application.  A review of the state court records submitted by Respondent

shows that Petitioner has properly raised these claims in previous state court proceedings.

2

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

3

identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Enhancement**

Both of Petitioner's claims center around his erroneous belief that his conviction was illegally enhanced.   The state court records reflect Petitioner pleaded guilty to theft with three prior theft convictions, as alleged in his indictment.   Specifically, the indictment provides:

[Petitioner], on or about the 12th day of August, 2005, and before the presentment of this Indictment, in the County of Travis, and State of Texas, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to wit:  cameras, of the value of less than $1,500, from [the victim], the owner thereof, with intent to deprive the owner of the property, and had been previously convicted of the offense of theft as follows:

in cause number 50,111 in 147th Judicial District Court of Travis County, Texas on the 22nd day of April, 1976;

in cause number 104,801 in 147th Judicial District Court of Travis County, Texas on the 1st day of October, 1990;

in cause number 333227 in County Court at law #6 of Travis County, Texas on the 9th day of February, 1990.

4

Pursuant to Section 31.03(3)(4)(D) of the Texas Penal Code theft is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft.  Therefore, Petitioner's theft offense was properly upgraded to a state jail felony.

The indictment further provided that Petitioner had previously been convicted of Theft Third Offender, Burglary of a Habitation, Delivery of a Controlled Substance, Possession of a Controlled Substance (twice), Robbery, Forgery, Possession of Narcotic Paraphernalia (twice), and Burglary, all of which had become final before the commission of latest offense.  Because Petitioner had prior non-theft felony convictions, the state jail felony could then be enhanced to a second-degree felony under Section 12.42(a)(2).  See Lackey v. State, 881 S.W.2d 418, 419 (Tex. App. – Dallas 1994, pet. ref'd) ("When a defendant has other non-theft felony convictions, the defendant may be punished as a habitual felony offender.").  Accordingly, Petitioner is not "actually innocent," and his attorney was not deficient.[2]

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

---

[2]In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668,687, 104 S. Ct. 2052, 2064 (1984).

**OBJECTIONS**

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.   The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE